1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RICHARD YOUNG,

                Plaintiff,

        v.

CAROLYN W. COLVIN, Acting
Commissioner of the Social Security
Administration,

                Defendant.

CASE NO. 13-cv-05677 JRC

ORDER ON PLAINTIFF'S
COMPLAINT

        This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and

Local Magistrate Judge Rule MJR 13 (*see also* Notice of Initial Assignment to a U.S.

Magistrate Judge and Consent Form, Dkt. No. 3; Consent to Proceed Before a United

States Magistrate Judge, Dkt. No. 4). This matter has been fully briefed (*see* Dkt. Nos.

10, 11, 12).

        After considering and reviewing the record, the Court finds that the ALJ failed to

evaluate properly plaintiff's allegations and credibility. Plaintiff alleged that his heart

attack, high blood pressure, COPD, and edema, among other impairments, prevented him

from sitting, walking, and standing for long periods of time. The ALJ found that plaintiff's allegations were not supported by his activities of daily living, including letting his dog out, swimming once a week, vacuuming, and taking care of his six-year-old granddaughter for less than an hour after school. However, none of these activities require sitting, walking or standing for long periods of time.

Therefore, the ALJ's reliance on plaintiff's activities of daily living to discount his credibility was in error.  This error is not harmless.  Therefore, this matter is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings.

<u>BACKGROUND</u>

Plaintiff, RICHARD YOUNG, was born in 1961 and was 46 years old on the alleged date of disability onset of December 1, 2007 (*see* Tr. 195-201). Plaintiff graduated from high school and then attended a vocational school getting certificates in auto repair and construction (Tr. 53).  Plaintiff mostly has done construction work as a framer, but also has done fiberglass work for boat building companies, unloaded trucks, worked landscaping and fished in Alaska (Tr. 55-57).

Plaintiff has at least the severe impairments of "coronary artery disease, chronic obstructive pulmonary disease, varicosities, and hypertension (20 CFR 416.920(c))" (Tr. 29). At the time of the hearing, plaintiff was living in a house with his daughter and granddaughter (Tr. 51).

1

<u>PROCEDURAL HISTORY</u>

2

On April 22, 2009, plaintiff filed an application for Supplemental Security Income

3

("SSI") benefits pursuant to 42 U.S.C. § 1382(a) (Title XVI) of the Social Security Act

4

(*see* Tr. 195-201). The application was denied initially and following reconsideration (Tr.

5

87-93). Plaintiff's requested hearing was held before Administrative Law Judge Rebekah

6

Ross ("the ALJ") on October 28, 2011 (*see* Tr. 43-86). On December 16, 2011, the ALJ

7

issued a written decision in which the ALJ concluded that plaintiff was not disabled

8

pursuant to the Social Security Act (*see* Tr. 24-42).

9

On June 27, 2013, the Appeals Council denied plaintiff's request for review,

10

making the written decision by the ALJ the final agency decision subject to judicial

11

review (Tr. 1-5). *See* 20 C.F.R. § 404.981. Plaintiff filed a complaint in this Court

12

seeking judicial review of the ALJ's written decision in August, 2013 (*see* Dkt. No. 1).

13

Defendant filed the sealed administrative record regarding this matter ("Tr.") on October

14

16, 2013 (*see* Dkt. No. 7).

15

In plaintiff's Opening Brief, plaintiff raises the following issues: (1) Did the

16

Commissioner err in failing to address and analyze plaintiff's medically determinable

17

impairment of dyspnea; (2) Did the Commissioner err in her evaluation of the medical

18

evidence in arriving at her credibility assessment and residual functional capacity

19

assessment; and (3) Did the Commissioner err by relying on the testimony of a vocational

20

expert ("VE") which is inconsistent with the Dictionary of Occupational Titles (*see* Dkt.

21

No. 10, p. 2).

22

23

24

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

<u>STANDARD OF REVIEW</u>

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

<u>DISCUSSION</u>

**(1)      Whether or not the ALJ erred when evaluating plaintiff's credibility.**

Defendant admits that once a claimant has presented objective medical evidence of an underlying impairment that reasonably could be expected to produce the pain or symptoms alleged, "the Ninth Circuit typically requires the ALJ to provide 'specific, clear and convincing reasons in order to reject the claimant's testimony about the severity of the symptoms" (*see* Response Brief, Dkt. No. 11, p. 7 (*citing Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012))). The ALJ here found that plaintiff's "medically determinable impairment could reasonably be expected to cause some of the alleged symptoms;" however she did not find that plaintiff's allegations were credible fully and she provided an explanation for her rationale (Tr. 32). The ALJ did not specify any alleged symptoms or limitation that reasonably could not have been caused by plaintiff's medically determinable impairments.

Other than a discussion of the objective medical evidence and findings, the only other reason offered by the ALJ for her failure to credit fully plaintiff's credibility and allegations is as follows:

1
2
3
4

> Additionally, the claimant's level of functioning does not support his
> allegations of disability. The claimant testified that he lets the dog out,
> swims once a week, vacuums, and takes care of his six-year-old
> granddaughter when she comes home from school. These activities are
> consistent with the residual functional capacity [RFC] above, and they
> show that the claimant is capable of sustaining basic work activities.

5

(Tr. 34).

6

7

Despite the ALJ's finding to the contrary, plaintiff's activities do not show that

plaintiff is capable of the RFC found by the ALJ.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

Plaintiff testified that the swelling in his leg increased following standing, and that

he needed to stop and rest after 15 minutes of standing; and also testified that he has to

catch his breath after walking four or five blocks (*see* Tr. 65). The ALJ found that

plaintiff had the RFC to "walk and stand for 2-6 hours in an 8 hour workday" (*see* Tr.

31). Although the ALJ relies on plaintiff's activities of daily living in order to support her

rejection of his allegations and to support her RFC, none of plaintiff's activities of daily

living show that plaintiff could stand or walk for two hours at a time. It is not a logical

inference that plaintiff stood or walked for two hours to let the dog out. Similarly,

plaintiff testified that he did "a little bit of vacuuming if I'm lucky" to support the work

of the cleaning lady whom his daughter hired to clean twice a week, so plaintiff's

testimony about his occasional vacuuming does not demonstrate an inconsistency with

plaintiff's allegations of limitations in walking or standing. Regarding swimming, such

activity does not require standing or walking, and plaintiff specifically testified that he

tried to exercise by swimming, which "was less impact," so this testimony also does not

demonstrate any inconsistency between plaintiff's allegations and his activities of daily

living (*see* Tr. 64). Finally, plaintiff testified that he takes care of his granddaughter "for about a half hour, 45 minutes before my daughter gets home" (*see* Tr. 76). Not only does this activity not meet the two hours of walking and standing found by the ALJ in plaintiff's RFC, but also, plaintiff testified that  "usually, since she's in first grade, she comes in and I'll fix her some cereal or something, and she eats that and then falls asleep on the couch" (*see id.*). Plaintiff's testimony about his 45 minutes a day of care for his granddaughter does not demonstrate an inconsistency with plaintiff's allegations of disabling limitations, such as standing and walking restrictions.

Regarding activities of daily living, the Ninth Circuit repeatedly has "asserted that the mere fact that a plaintiff has carried on certain daily activities  . . . .  does not in any way detract from [his] credibility as to [his] overall disability." *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (*quoting Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001)). The Ninth Circuit specified "the two grounds for using daily activities to form the basis of an adverse credibility determination: (1) whether or not they contradict the claimant's other testimony and (2) whether or not the activities of daily living meet "the threshold for transferable work skills." *Orn, supra*, 495 F.3d at 639 (*citing Fair, supra*, 885 F.2d at 603). As stated by the Ninth Circuit, the ALJ "must make 'specific findings relating to the daily activities' and their transferability to conclude that a claimant's daily activities warrant an adverse credibility determination. *Orn, supra*, 495 F.3d at 639 (*quoting Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005)).

Here, there is no finding of transferability to a work setting, and letting out the dog, swimming once a week, vacuuming for a short period of time, and 45 minutes of

child care a day do not appear to meet the threshold of transferable work skills. As the ALJ did not demonstrate any inconsistency between plaintiff's activities of daily living and his testimony, this rationale does not provide a proper basis for the ALJ's adverse credibility determination. *See id.* As pointed out by plaintiff, he "has not alleged that he is incapable of performing any activity whatsoever or that he is [] bedridden" (*see* Dkt. 10, pp. 6-7).

The only other reason provided by the ALJ for her failure to credit fully plaintiff's allegations is that they are not supported fully by the objective medical evidence (*see* Tr. 32-34). However, once a claimant produces medical evidence of an underlying impairment, the ALJ may not discredit then a claimant's testimony as to the severity of symptoms based solely on a lack of objective medical evidence to corroborate fully the alleged severity of the symptom. *Bunnell v. Sullivan*, 947 F.2d 341, 343, 346-47 (9th Cir. 1991) (*en banc*) (*citing Cotton v. Bowen*, 799 F.2d 1407 (9th Cir. 1986)). As the ALJ's discussion of the objective medical findings is the only other rationale provided by the ALJ for her credibility determination other than a short list of activities of daily living that do not contradict plaintiff's allegations, the ALJ's credibility determination is not proper. *See id.*

In addition, although defendant relies heavily on the ALJ's discussion of maintenance of plaintiff's conditions with prescribed treatment and medication, the Court notes that some of the findings within the ALJ's discussion of the objective medical evidence are not supported by substantial evidence in the record as a whole. For example, although defendant contends that the ALJ properly found that "compression stockings

and creams generally controlled his varicosities," (*see* Response, Dkt. No. 11, p. 8), the

ALJ relies in part on plaintiff's testimony for her finding that "a combination of stockings

and creams helps keep the swelling in his right leg down" (*see* Tr. 33). However, a

review of plaintiff's testimony reveals that he testified that the compression socks and

creams only help his edema "Just enough where I can get a shoe on" (*see* Tr. 62-63).

Therefore, plaintiff's testimony is not sufficient to demonstrate that his

"varicosities were generally controlled with compression stockings and steroid creams"

as found by the ALJ (*see* Tr. 33). The Court also notes that the citation in the record by

Dr. Peter Lee, M.D., also relied on by the ALJ in this context, includes the doctor's

recommendation for plaintiff not to use the steroid cream and to try other creams, and the

doctor did not opine that plaintiff's condition was controlled sufficiently to allow for two

hours of standing (*see id.* (*citing* Exhibit 16F/7, *i.e.*, Tr. 573)). In fact, Dr. Lee appears to

opine that plaintiff cannot even walk or stand for brief periods, as he chose an option

indicating that plaintiff could sit for prolonged periods, as opposed to indicating that

plaintiff could sit for most of the day, and walk or stand for brief periods (*see* Tr. 563).

The ALJ does not appear to have provided any reason for failing to discuss or credit this

opinion from Dr. Lee, although she gives this functional assessment "some weight" (*see*

Tr. 35 (*citing* Exhibit 15F, 18F, 27-29)).

Plaintiff testified that the swelling in his leg increased following standing, and that

he needed to stop and rest after 15 minutes of standing (*see* Tr. 65). Neither the record

cited by the ALJ from Dr. Lee, nor plaintiff's testimony that the compression socks and

various creams helped him to the extent that he could put on a shoe, provides substantial

1  evidence to support the ALJ's rejection of this alleged limitation when determining

2  plaintiff's RFC.

3  Therefore, based on the relevant record, the Court concludes that the ALJ erred

4  when evaluating plaintiff's allegations and credibility. For the reasons discussed below,

5  the Court also concludes that the error is not harmless.

6  The Ninth Circuit has "recognized that harmless error principles apply in the

7  Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012)

8  (*citing Stout v. Commissioner*, *Social Security Administration*, 454 F.3d 1050, 1054 (9th

9  Cir. 2006) (collecting cases)). The Ninth Circuit noted that "in each case we look at the

10  record as a whole to determine [if] the error alters the outcome of the case." *Id.* The court

11  also noted that the Ninth Circuit has "adhered to the general principle that an ALJ's error

12  is harmless where it is 'inconsequential to the ultimate nondisability determination.'" *Id.*

13  (*quoting Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008))

14  (other citations omitted). The court noted the necessity to follow the rule that courts must

15  review cases "'without regard to errors' that do not affect the parties' 'substantial

16  rights.'" *Id.* at 1118 (*quoting Shinseki v. Sanders*, 556 U.S. 396, 407 (2009) (*quoting* 28

17  U.S.C. § 2111) (codification of the harmless error rule)).

18  Here, the ALJ failed to credit fully plaintiff's allegations, including his allegations

19  regarding limitations on standing, sitting and walking that were not accommodated into

20  plaintiff's RFC. Had the ALJ credited fully plaintiff's allegations, the RFC would have

21  been different, and plaintiff likely would have been limited to sedentary work and

22  perhaps would have been found disabled. Therefore, this matter shall be reversed.

**(2)     Whether or not the ALJ erred by not including dyspnea with exertion as a severe impairment at step two of the sequential evaluation.**

Plaintiff contends that he was diagnosed with dyspnea with exertion, as well as with lung disease and coronary artery disease, and that this impairment of dyspnea limits activities such as walking (*see* Opening Brief, Dkt. No. 10, p. 5). He persuasively argues that the "ALJ's failure to address or analyze [plaintiff's] dyspnea at any point of the sequential evaluation process is error" (*see id.*, p. 6). Defendant's argument that the ALJ's lack of discussion of plaintiff's dyspnea is acceptable because the ALJ discussed the other impairments of COPD and coronary artery disease is not persuasive.

Because the Court already has determined that this matter should be reversed and remanded for further consideration, *see supra*, section 1, the Court further orders that plaintiff's impairment of dyspnea be discussed explicitly following remand of this matter.

**(3)     Whether or not the ALJ erred in the RFC assessment limiting plaintiff to a reduced range of light work.**

Because the Court already has determined that this matter should be reversed and remanded for further consideration, *see supra*, section 1, plaintiff's RFC, as a necessity, must be determined anew following remand of this matter.

**(4)     Whether or not the ALJ erred by relying on the testimony of a VE which is inconsistent with the Dictionary of Occupational Titles and if substantial evidence supports the ALJ's step five finding.**

Because the Court already has determined that this matter should be reversed and remanded for further consideration, *see supra*, section 1, step five of the sequential disability evaluation process, as a necessity, must be completed anew following remand of this matter.

**(5)** **Whether this matter should be reversed with a direction to award benefits or for further administrative proceedings.**

Generally when the Social Security Administration does not determine a claimant's application properly, "'the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.'" *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). However, the Ninth Circuit has put forth a "test for determining when [improperly rejected] evidence should be credited and an immediate award of benefits directed." *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000) (*quoting Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996)). It is appropriate when:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Harman, supra,* 211 F.3d at 1178 (*quoting Smolen*, *supra*, 80 F.3d at 1292).

Here, outstanding issues must be resolved. *See Smolen, supra*, 80 F.3d at 1292. Plaintiff's RFC must be determined anew. Furthermore, the decision whether to remand a case for additional evidence or simply to award benefits is within the discretion of the court. *Swenson v. Sullivan*, 876 F.2d 683, 689 (9th Cir. 1989) (*citing Varney v. Secretary of HHS*, 859 F.2d 1396, 1399 (9th Cir. 1988)).

<u>CONCLUSION</u>

The ALJ erred at step two when failing to discuss plaintiff's impairment of dyspnea and committed harmful error when evaluating plaintiff's credibility.

1    Based on these reasons and the relevant record, the Court **ORDERS** that this

2    matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. §

3    405(g) to the Acting Commissioner for further consideration.

4    **JUDGMENT** should be for plaintiff and the case should be closed.

5    Dated this 16th day of May, 2014.

6

7

8    J. Richard Creatura
     United States Magistrate Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24